```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                   CASE NO. 02:10-CR-20057-002

JOHN BULLINGTON, JR.                                          DEFENDANT

### SENTENCING MEMORANDUM

Defendant John Bullington, Jr. appeared for his sentencing hearing after pleading guilty to one count of Possession with Intent to Distribute more than 50 Grams of a Mixture of Substance Containing a Detectable Amount of Methamphetamine, a Controlled Substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). After reviewing the Pre-Sentence Investigation Report ("PSR"), the parties' objections, and arguments during the hearing, the Court concluded a downward variance would provide for a sentence that is sufficient, but not greater than necessary to accomplish the goals of sentencing. Defendant was sentenced to 155 months of imprisonment, 5 years of supervised release, and ordered to pay a $2,000.00 fine, plus the $100.00 special assessment.

The PSR calculated Defendant's total offense level at 31, with a Criminal History Category of VI, and a resulting Guidelines range of 188 to 235 months of imprisonment. These calculations were based on the application of the "career offender" enhancement pursuant to United States Sentencing Guidelines § 4B1.1. Absent the career

offender enhancement, Defendant's Criminal History Category would be III, with a total offense level of 29, and a resulting Guidelines range of 108 to 135 months of imprisonment. The effect of the career offender enhancement is to add 80 and 100 months to the low and high end of the Guidelines range, respectively.

The Court concluded the Guidelines were properly computed, including the Defendant's qualification for, and the application of the career offender enhancement. *United States v. Hawk Wing*, 433 F.3d 622, 631 (8th Cir. 2006). The Court contemplated a departure, including a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1) based on the substantial over-representation of the seriousness of defendant's criminal history. *Id.* However, a careful review of the entire record of Defendant's criminal history persuaded the Court that departure based on the § 4A1.3 was not warranted. *Id.*; *United States v. McNeil*, 90 F.3d 298 (8th Cir. 1996); *United States v. Butler*, 296 F.3d 721 (8th Cir. 2002). The Court considered whether to impose a Guidelines or non-Guidelines sentence, taking into consideration all of the 18 U.S.C. § 3553(a) factors. The Court found a substantial variance was warranted to provide a sentence that was sufficient, but not greater than necessary to accomplish the goals of sentencing. *Id.*

The Court is not required to recite its consideration of each of the § 3553(a) factors; however, the Court reiterates that it has

considered all the factors, and in light of the circumstances in this case, the Court finds that a downward variance is adequately justified by recitation of consideration of the factors discussed below. *United States v. Powills*, 537 F.3d 947, 950 (8th Cir. 2008)(*citing United States v. Hernandez*, 518 F.3d 613, 616 (8th Cir. 2008), and *Rita v. United States*, 551 U.S. 338 (2007)).

a.   **The History and Characteristics of the Defendant**

The Court first considered overrepresentation of Defendant's criminal history by application of the career offender enhancement as a ground for a downward variance. *See United States v. Feemster*, 435 F.3d 881, 884 (8th Cir. 2006)(rejecting the Government's argument that any variance from the career offender Guidelines range would be unreasonable). In *Feemster*, the Eighth Circuit specifically stated that the history and characteristics of the defendant were appropriate considerations, even in cases involving a career offender. Defendant qualified for the career offender enhancement based on two prior offenses, which involved six drug related charges, two battery charges, and a firearm charge, that occurred on November 29, 1996, and June 30, 1997. The offenses occurred months apart and the dispositions of the offenses were both entered on January 28, 1998. Defendant was paroled in 2000 and completed parole in 2008; no criminal history exists outside the instant offense for the period following his release in 2000. Defendant went a significant period

of time without any record of recidivism.

The PSR reports Defendant used significant methamphetamine the year immediately prior to his arrest but that he was "clean" for the previous eight years. The Court finds the relationship between Defendant's arrest and his drug habit to be likely one of causation rather than correlation. The Defendant's ability to remain without any criminal history for the period following his parole in 2000, to include a lack of misdemeanors or traffic violations, supports a finding of an overrepresentation of both the defendant's criminal history and the likelihood he will commit other crimes once released from custody for the instant offense. The prior offenses that qualified Defendant for the career enhancement occurred over 13 years ago, just two years shy of the exclusion provision pursuant to U.S.S.G. § 4A1.2(e). Due to these offenses, the defendant faced a disparately longer sentence than what he would have received absent the enhancement, and an even longer sentence as opposed to what he previously received for the prior offenses.

For all the above stated reasons, the Court found the Guidelines range of 188 to 235 months imprisonment severely overstated Defendant's criminal history and a downward variance was warranted. *United States v. Lee*, 454 F.3d 836, 839 (8th Cir. 2006); *United States v. Jimenez-Gutierrez*, 491 F.3d 923, 928 (8th Cir. 2007). The Court is aware that the substantial downward variance results in a sentence

in excess of the non-career offender enhanced Guidelines range. The Court has considered the congressional intent to punish certain types of offenders more severely and cannot reject Congress's judgment to punish repeat offenders more harshly. The Court, in part, reconciles the thirty-three month reduction from the low end of the Guidelines range by noting that absent the career offender enhancement the Court would have considered a sentence at or below the low-end of the 108 to 135 month Guidelines range to be a reasonable sentence in light of all the § 3553(a) factors.

**b. The Need to Avoid Unwarranted Sentence Disparities**

Defendant was indicted in Count One of a five-count Indictment with six co-defendants; two co-conspirators were indicted separately. Eight of the nine defendants entered guilty pleas and the Court has considered the sentences imposed, and the sentences recommended by Probation. In view of all the sentencing considerations, including the culpability based on Defendant's position in the hierarchy of the conspiracy as a low to mid-level participant, a variance was needed to avoid *unwarranted* sentence disparities. *See* 18 U.S.C. § 3353(a)(6)("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); *see also United States v. Hubel*, 625 F.Supp.2d 845, 853 (D.Neb. 2008)(holding "[t]he Guidelines quantity-driven, "market-oriented" approach is

not a proxy for culpability in every case, nor does it always correlate to the accurate measure when it corresponds to a defendant's position in the typical hierarchy that characterizes most drug conspiracies.  Where the defendant falls in this hierarchy is an important factor in the court's assessment of a defendant's ultimate culpability.")(original internal quotes); *United States v. Wong*, 127 F.3d 725, 728 (8th Cir. 1997)(holding "some disparity will inevitably exist because of the unique facts of each individual defendant's case.").  Based on these considerations the Court found a downward variance to a sentence of 155 months is needed to avoid *unwarranted* disparities.  (emphasis added).

**c.    Other Relevant § 3553(a) Factors**

Several additional § 3553(a) factors support a downward variance.  First, with respect to the nature and circumstances of the offense, the conspiracy Defendant was convicted of consisted of a substantial quantity of drugs, this total quantity was derived, in part, due to the size of the conspiracy, not because the defendant was a major drug distributor who dispensed large quantities of drugs at a time.  Rather, Defendant was a low to mid-level distributor who sold mostly to support his own drug habit.  This is a mitigating factor not taken into account by the Sentencing Commission.  Second, the defendant is in relatively poor health.  He has been diagnosed with high blood pressure, high cholesterol, diabetes, sleep apnea,

and lung disease. The PSR also reports Defendant "regularly takes [medication] . . . has back problems and suffers from migraine headaches." In addition, Defendant was declared disabled due to a previous leg and back injury. The Defendant's health condition supported a reduced sentence of imprisonment. Finally, the Guidelines range prior to variance called for a term of 188 to 235 months imprisonment; the advisory range is unnecessarily long to further the objectives of sentencing. Based on the history and characteristics of Defendant the range is much longer than what is necessary to protect the public, provide, deterrence and rehabilitate the defendant.

After having considered all of the remaining § 3553(a) factors, the Court determined that a non-Guidelines sentence is appropriate and that a sentence of 155 months is sufficient, but not greater than necessary to comply with all sentencing purposes. Accordingly, it is the judgment of the Court that Defendant be committed to the custody of the United States Bureau of Prisons to be imprisoned for 155 months, followed by a 5 year term of supervised release, and ordered to pay a fine in the amount of $2,000.00, plus the $100 special assessment. The Court determined this is a reasonable sentence in light of all the § 3553(a) factors, and is sufficient but not greater than necessary to protect the public, provide deterrence, and rehabilitate the defendant.

This Sentencing Memorandum shall be attached to and incorporated by reference, in its entirety, into the Statement of Reasons and Judgment in this case.

**IT IS SO ORDERED** this 20th day of July 2011.

                                         */s/ Robert T. Dawson*
                                       Honorable Robert T. Dawson
                                       United States District Judge